1

FILED BY _ul_ D.C.

DEC 31 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

# UNITED STATES DISTRICT COURTS
## SOUTHERN DISTRICT OF FLORIDA

Judge Danielle Sheriff 15th Judicial Circuit

SHAFYA ASQFAQ

PLAINTIFF

V.                           L.T     CASE # 50-2024=CC004949

Randal A. Ferguson

DEFENDANT

Randal A. Ferguson

CC JUDICAL QUALIFICATION COMMISSION: Erroneous Ruling on the
FLORIDA RUAL SERVICES
merits of the case. Defendant Right to withhold Rent

**NOTICE OF REMOVAL**

**FEDERAL QUESTION**

WHERE there is a clear showing of a violation of a defendant's right to procedural due process in a state eviction case, the defendant can have the case moved to federal court: Emergency Notice of Removal 42 U.S.C 1983 Action of Removal and Relief Emergency writs of mandamus & Certiori

COMES NOW DEFENDANT RANDAL A FERGUSON AND FILE THIS

NOTICE OF THIS REMOVAL AS THIS FEDERL COURT BECOMES AWARE

OF THE PROCEDURAL DUE PROCESS 14TH AMENDEMENT VIOLATION OF

THE 4TH DCA AGAINST THE THE DEFENDANT WHO HAS BEEN DENIED

ACCES TO THE COURTS PURSUANT TO THE ORDER BY THE 4TH DCA

JUDGES WHICH ALSO DENIED THE DEFENDANT **EMERGENCY WRIT OF**

Attached Exhibits A, B, C, D, F G Attached in Support

**CERTORI IN THIS CASE** WHERE THE APPELATE COURT JUDGES ORDERD TO THE CLERK OF COURT ADVISING :

<u>ORDERED that, on September 16, 2024, this Court issued an order requiring Petitioner to show cause why sanctions should not be imposed for his abuse of judicial process and repeated filing of frivolous documents after a prior warning. Petitioner has failed to timely respond to the order to show cause. For the reasons set forth in the order to show cause, the Court imposes the sanction of no longer accepting Petitioner's pro se filings. *Johnson v. Bank of New York Mellon Trust Co.*, 136 So. 3d 507, 508 (Fla. 2014). The Clerk of this Court is directed to no longer accept any paper filed by Petitioner unless the document has been reviewed and signed by a member in good standing of the Florida Bar who certifies that a good faith basis exists for each claim presented.</u>

KLINGENSMITH, C.J., WARNER and DAMOORGIAN, JJ., concur. **END ORDER**

WHERE THE 4ᵀᴴ DCA **THIS ORDER ALSO ALLOWS THE LOWER STATE CIRCUIT COURT TO IMPOSE IMPROPER RULINGS VIOLATE COURT PROCEDURE AND DEPRIVE THE DEFENDANT(S) AS THEY HAVE DONE SO AN TO HOLDING PROCEDDINGS WITHOUT LEGAL STANDING OR JURISDID Statutes 454.18** carves out exceptions but indicates, "any person, whether an attorney or not,... may conduct his or her own cause in any court of this state,...") The Court may not force

a party to retain an attorney or threaten dismissal or other adverse action. THIS IS INFACT WHAT THE

CTION. Florida

*Even if the Defendant had Access to the Courts. The Defendant will never obtain a Fair Ruling or Relief from the state Courts.*

WHEREFORE AS THE ISSUE OF FEDERL QUESTION IS AT PLAY THE DEFENDNAT IS REQUESTING THAT THIS REMOVAL BE TREATED AS **EMERGENCY AS** THE INJURIES AND HARM SUSTAINED BY THE DEFENANT OF WHICH THE DEFENDNAT IS ASKING EMERGENCEY RELIEF OF THE IMMEDIATE RETURN OF ALL OF HIS MONEY HE PUT IN THE COURT REGISTRY AS A RESULT OF THE NEGLIGENCE OF THE PLAINTIFF IN FAILING TO MAINTAIN THE UPKEEP OF HER PROPERTY AS SHE FAILED TO DO SO AND CAUSNG AN IMMEDIATE BREACH OF THE CONTRACT/ LEASE AGREEMENT IN HER NEGIGENCE. IN ADDITION THE DEFENDNAT IS ASKING FOR THIS FEDERAL COURT TO ISSUE AN EMERGENCY WRIT ORDERING THE JUDGE TO IMMEDITALY REMOVE THE UNLAWFULL EVICTION FROM THE STATE COURT RECORDS AS THE UNLAWFULL EVICTION RULED UNLAWFULLY BY JUDGE DANIELLE SHERIFF IS DENYING THE DEFENDANT OF BEING ABLE TO SGN A

LEASE IN A SAFE OCCUPANCY DUE TO THE EVICTION ON THE STATE COURT SYSTEM .

IT IS NECESSARY FOR THE DEFENDNAT TO IMMEDIATLEY O TAINED A LEASE IMMEDIATLEY TO PROVIDE FOR **STABLE HOUSING** OF HIS SECTION 8 VOCHER TO SHOW STABLE HOUSING FOR HIMSELF AND HIS MINOR CHILDREN . W HERE THE DEFENDANT HOUSING WAS ALSO TEMORARILY TERMINATED UNLAWFUL PURUANT TO THE DEPRIVATION CAUSED BY JUDGE DANIELLA SHERIFF OF THE 15TH JUDICAL CIRCUIT COURT IN ABUSE OF JUDICAL DISCRETION.

**PLEASE SEE EXHIBIT ATTACHED EXHIBIT E**

**THIS EXHIIT PROVIDES EVIDENCE OF THE HARM AND INJURY SUSTAINED BY THE DEFENDANT OF THE JUDGE DEPRIVATION OF HIS FEDERALLY PROTECTED RIGHTS ACTING UNDER COLOR OF STAE LAW AND ABUSE OF JUDICAL DISCRETION WHERE THW DEFENDANT LOSS HIS SECTION 8 VOCHER DUE THE UNLAWFULL EVICTION . AS STATED ON THE EXHIBIT , E**

"**THE REASON FOR THE TERMINATION WAS FAILURE TO PAY TENAT PORTION OF THE RENT AND MR FERGUSON SUBSEQUENT EVICTION PROCEDDINGS. THIS IS A VIOLATION OF THE TERMS OF THE VOCHER (HUD-FORM52646 AND FEDERAL REGULATIOMNS**

5

24CFR982.551 AND IS A MANDATORY TERMINATION UNDER 24 CFR 982.552 (B) (2) AN INFORMAL HEARING REGUESTED BT THE DEFENDANT WAS SCHEDULE ON 10/24/2024. PLEASE SEE EXHIBIT E.

WHEREAS THE STATED " BASED ON TH PREPONDERANCE OF EVIDENCE, REVIEWING THE FACTS AND EVIDENCE PRESENTED AT THE INFORMAL HEARING AND RELEVANT HUD REGULATIONS AND WPBHA POLICY, I CONCLUDE THAT BECAUSE THE UNDERLYING EVICTION HEARING WAS PREMISED ON A DEFAULT JUDGEMENT AND NOT FOLLOWING A HEARING ON THE MERITS OF THE CASE REGARDING THE DEFENSES RIGHT TO WITHHOLD RENT IN RESPONSE TO THE CONDITION OF THR PROPERTY. THIS CASE IS NO LONGER A MANDATOEY EVICTION". " I FIND THAT THE WPBHA DID NOT PROVIDE EVIDENCE TO SUPPORT THEIR CASE THAT MR FERGUSON WILLFULLY FAILED TO PAY THE TENANT PORTION OF THE RENT. THIS IS BECAUSE THE WPBHA DID NOT UNDERTAKE A SPECIAL INSPECTIONTO ESTABLISH THE CONDITION OF THEUNIT INCLUDINH RECENT CITY CODE VIOLATIONS RPORTS WHICH FURTHER SUPORRTD HIS CLAIM THAT THE PROPERTY DID NOT MEET HABITATALE STANDARDS.

**THERFORE , BECAUSE IT IS NO LONGER A MANDATORY TERMINATION AND BECAUSE THE WPBHA DID NOT DO SPECIAL INSPECTION TO PROVIDE EVIDENCE SUPPORTING THEIR CASE THAT MR FERGUSON WILLFULLY FAILED TO PAY THE TENAT PORTIONOF THE RENT, I WILL ERR ON THE SIDE OF THE PARTICIPANT ,MR FERGUSON"**

**ORDER: AS THE WPBHA HEARING OFFICER I HAVE DETYERMINED THAT THE TERMINATION OF YOUR ASSTANCE WILL BE OVER TURNED 11/5/2024 SEE EXHIBIT E.**

THIS REMOVAL TO THIS FEDERAL COURT IS NECESSARY TO BE TREATED AS AN EMERGENCY DUR TO THE FACT AS THE HARM AND INJURY HAS ALREADY AND SET IN AS THE DEFENDANT IS DEALING WITH THE SERIOUS INJURY AND SET BACK AS THE JUDGE IN HER JUDICAL MISCONDUCT IN CAUSING THE DEFENNDANT TO BE DEPRIVED OF HIS FEDERAL PROTECTED RIGHT OF PROCEURAL DUE PROCESS IN COURT PROCEDDINGS WHERE THE JUDGE HAS DENIED THE DEFENDANAT MONETRAY RELIEF OF HIS 3,000 DOLLAR SECURITY DEPOSIT AND HIS IMMEDIATE RETURN OF HIS MONEY HE PUT IN THE COURT REGISTRY OF THE AMOUNT OF 1, 250 WITHHOLDING HIS RENT FROM THE LANDLORD UNTIL SHE IS IN COMPLAIANCE WITH THE

REPARIS . THE PLAINTIFF WAS NEVER IN COMPLAINCE IN FIXING THE HAZORDS TO THE PROPERTY. DUE TO THE PLAINTIFF FAILURE TO MAKE REPAIRS TO HER PROERTY EVEN DENYING THE DEFENDNAT OF A PROPER WORKING TOLET FOR 5 MONTHS UP UNTIL THE TIME HE WAS ORDER TO VACATE THE PROPERTY BY ORDER OF THE BUILDING INSPECTOR, RELIEF THE DEFENDNAT OF THE HAS ALREADY SET IN TO THE POINT THAT THE DEFNDANT SEEKS THIS EMERGENCY RELIEF FROM THIS FEDERAL COURT

- 

.AS JUDGE DANIELLE SHERIFF ACTING UNDER COLOR OF STATE LAW , IN SUCH EGRGEIOUS JUDUCAL MISCONDUCT INTENTIONALLY DEPRIVED THE DEFENDNAT OF HIS FEDERAL PROTECTED RIGHT OF DUE PROCEDURAL DUE PROCESS OF THE 14TH MENDMENT OF THE U.S CONSTITUTION OF FAIR AND JUST PROCEDDINGS , A RIGHT TO BE HEARD AND PRESENT HISCOUNTER CLAIM, AND HIS RIGHT TO BE AWARDED MONETRAY RELIEF. AGAINST THE LANDLORD FOR WHICH THE JUDGE IGNORED HIS MOTION REQUESTING A HEARING DATE TO BE HEARED ON HIS COUNTER CALIM OF RELEF OF 10,000 DOLLARS AGAINST THE PLAINTIFF WHERE THE DEFENDNAT PRESENTED **CONCRETE EVIDENCE** IN THRE FINAL HEARING TO THE COURT ON

**SEPT 3ᴿᴰ 2024** AGAINST THE PLAINTIFF AND BEFORE THE ORDER OF EVICTION WAS ENTERED BY THE JUDGE THE BUILDING INSPECTOR HAD ALREADY DEEMED THE BUILDING UNSAFE EXPOSING THE NEGLIGENCE OF THE LANDLORD FAILURE TO MAINTAIN A SAFE AND LIVABLE STRUTRE. THE EVIDENCE WAS FILED TO THE CIRCUIT COURT DOCKET OF THE FOLLOWING NEGLIGENCE THE PLAINTIFF AND PRIOR TO THE JUDGES FINAL ORDER OF EVICTION

1. A FAILED WPBHA INSPECTION AND REINSPECTION ON AUGUST 30ᵀᴴ 2024 OF **THE WPBHA SECTION 8**
2. IN NON – COMPLAIANCE WITH THE CITY OF RIVERIA BEACH CODE **VIOLATIONS AUGUST 25ᵀᴴ** SEE DEFENDANT (S) **EXHIBIT B**
3. A **FINAL NOTCE OF EVICTION FROM** THE JUDGE **DATE 9-30-2024 EXHIBIT C**
4. CITY OF RIVERIA BEACH BUILDING INPECTOR **MICHAEL GRIM** ADMINISTRATIVE ACTION AGAINST THE LANDLORD DATED **AUGUST 26ᵀᴴ 2024** WHERE THE LANDLORD NEGLIGENCE OF FAILING TO MAINTAIN HER PROPERTY TO LIVING AND HABITABLE CONDITIONS WHERE THE BUILDING INSPECTOR FOUND THE PROPERTY TO BE UNIHABITAL AND PURUSANT TO THE CITY OF RIVERIA BEACH BUIKDING CODE VIOLATIONS **22-35 (C) (6) 22-35 ( C) (9) 22-35 (C) (10) AND GIVING NOTICE THAT**

OCCUPANT S   HAD SO VACATE THE BUILDING  WITHIN 15 DAYS OF NOTICE OF THIS REMOVAL.  **SEE EXHIBIT D**

5. **EVIDENCE F COPY OF THE DEFENDANTS VOCHER.**

6. **EXHIBIT G RECEPITSOF DEFENDANTS OF MONEY DEPOSUTED IN REQISTRY COURT,.**

- THERE AN " **AN UNOFFICAL CUSTOM**" OF THE STATE COURT JUDGES IN BOTH THE LOWER CIRCUIT AND APPELATE COURT REFUSES TO REMOVE THEMSELVES CONTRAY TO THE 4TH DCA SETTLE LAW FOR WHICH THEY THEMSELVES DO NOT HOLD THEM SELVES ACCOUNTABLE TO THEIR OWN LAW
- THE UNOFFICAL CUSTOMS CAUSIES INFIVIDUALS TO BE DEPRIVED OF THEIR FEDERAL PROTECTED LIBERTIES BECAUSE IT PROVIDED THE JUDGES WITH A PLATFORM TO ABUSE OF JUDICL DISCRETION , MISSCARIAGES OF JUSTICE ACTING UNDER COLOR OS STATE LAW BECAUSE THW JUDGES CONTINUE TO OPERTE AND REFUSING TO DIAQUALIFY THEMSELVES WHERE THEY KNOW THEY SHOULD  HAVE
- 15TH JUDICAL CIRCUIT JUDGE DANIELL SHERIFF REFUSED TO THIS DATE AFTER  8 MOTIONS FIIELD BY THE DEFENDNATG  DEMANDING HER TO DO SO.

- **Procedural due process**

    This type of due process ensures that the process is fair. It protects people from the mistaken or unjustified deprivation of their life, liberty, or property.

- **Fourteenth Amendment**

    This amendment prohibits states from depriving people of life, liberty, or property without due process of law.

- **Establishing a prima facie case**

    To establish a prima facie case for a procedural due process violation, a plaintiff must show that the government's procedures were constitutionally inadequate and that the plaintiff's liberty or property was deprived. there is a clear showing of a violation of a defendant's right to procedural due process in a state eviction case, the defendant can have the case moved to federal court:

**THIS IS ALSO DEFENDANTS OFFICAL COMPLAINT TO THE JUDICAL QUALIFICATIONS COMMISSION AGAINST JUDGE DANIELL SHEIRIFF TO BE MAILED IMMEDIATLEY OF THE COMPLETITON OF TYPING THIS DOCUMEN**

42 U.S.C. 1983 COMPLAINT OF NOTICE OF REMOVAL

<u>EMERGENCY MOTION OF EXTRORDINARY WRIT OF MANDAMUS</u>

**THIS COURT RETAINS SUBJECT MATTER JURISDICTION OVER THIS CASE**

- **Federal question jurisdiction**
  When the claim arises under federal law, such as the Constitution, and is a substantial component of the claim.
- **Establishing a prima facie case**
  To establish a prima facie case for a procedural due process violation, a plaintiff must show that the government's procedures were constitutionally inadequate and that the plaintiff's liberty or property was deprived.

**REQUEST FOR EMERGENCY TREATMENT :** THE NATURE OF THIS EMERGENCY TREATMENT IS TO PREBENT FURTHER HARM OF AN UNLAFWFUL EVICTION WHERE AS THE EVICTION CAN CAUSE THE 5 6 YEAR OLD FATHER OF A 6,4,3,AND 1 YEAR OLD TO TEMPORARY LOSE THEIR HHOUSING ASSTANCE DUE TO DEPRIVATION AND VIOLATING THE DEFENDNAT(s) CONSTITUTINAL RIGHT OF DUE PROCESS , WHERE SUCH JUDICAL MISCONDCUT JUDGE SHERIFF AND ABUSE OF POWER WITH TOTAL DISREGARD OF THE NATUE AND DYNAMICS OF THE HARM SHE IS AND WILL BE AS THE JUDGE WAS FRULLY AWARE OF THIS ISSUE AS SHE HAS VIOLATED THE FATHER 14TH AMENDMENT RIGHT PROCEDURAL OF DUE PROCESS,.

- HIS RIGHT TO FAIR AND JUST HEARINGS IN THE EVICTIONN PROCEDDINGS
- AS THIS JUDGE NOT ONLY IGNORED AND FAILED TO GRANT AND SET A HEARING DATE PURSUANT TO THE DEFENDANTS MOTION HE FILED FOR HEARING DATE,DEMANDING JUDGEMENT IN HIS COUNTER CLAIM AGAINST THE PLAINTIFF 3 MONTHS BEFORE THE PLAINTIFF HAD OBTAINED AN ATTORNRY .
- . DUE TO EXPARTE COMMUNICATION WITH DCF,THE PLAINTIFF AND THE PAINTIFF ATTORNEY AS THE JUDGE ALOWED FAVORTISM AND IMOARTIALITY TOWARDS THE ATTORNRY HE FAIED TO MAKE A NOTICE OF APPEARANCE AND PROVIDE THE FATHER OF WITH A PY OF THEIR MOTIONFOR HEARING DATE TO DETEERMIE RENT .FAILURE
- TH ATTORNRY NOTICE OF APPERANCE WAS FIELD AFTER THE HEARING DATE ON AUGUST 25TH OF WHICH THE DEFENDANT VEHEMETLY MADE KNOWN ON THE RECORD THR JUDGE WAS SO INDIFFERENT IN FAVOR OF THE ATTORNRY FOR THE PLAINTIFF WHERE THE ATTORNRY FOR THE PLAINTIFF ALSO FAILED TO PROPERLY PROCESS SERVE THE DEFENDANT AS IT IS CLAEAR AND CONVINCING PURSUANT TO A HEARING SET BY THE JUDGE HERSELF ON JULY 25 TH, MAKING CONCESSSION FOR THE PLAINTIFF S ATTORNRY AS HE FAILED TO FILE A NOTICE OF APPEARANCE AND FAILED TO PROPERLY PROCESS SERVR THE DEFENDANT AS THE DEFENDANT WAS NOT AWARE THE PALINTIFF WAS NOW BEING

REPRESENTED BY AN ATTORNRY. THIS FACT OF CIRCUMSTANTIAL EVEIDENCE IS EASILY SEEN AS THE ATORNRY FILED A NOTICE OF APPEARANCE ONLY AFTER THE HEARING DATE FOR WHICH THE DEFENDANT VEHEMETLY ARGUED ON RECORD OF THE ISSUE AS EVIDENCE AS THE DOCKET WILL SHOW THAT A NOTICE OF APPEARANCE WAS NOT FILED UNTIL **AUGUST 26TH 2024** AFTER THE HEARING FOR WHICH THE RECORD WILL ALSO REFLECT SUCH :

- THE JUDGE ACCEPTED THE REQUEST MAKE BY THE DEFENDNAT TO DISQUALIFY HER SELF DURING OR ARGUMENT OM AUGUST 25TH 2024 FOR WHICH THE JUDGE DID DURIG THE HEARING. AS THE HEARING WAS STOPPED IMMEDIATLEY.

- IN OBBJECTION AS THE DEFENDANT STATE THE OBJECTION OF THE JUDGE OPERAING IN CAPACITY AFTER SHE DISQULIFIED HERSELF , THE JUDGE STILL SET A FINAL HERING DATE WAS WHERE THE DEFENDNT ASK THAT A NEW DATE AS HE OBJECTIED TO THE DISQUALIFIED JUDGE SETTING A FINAL DATE OF HEARING ON SEPTEMBER 3RD 2024

- **a reasonable time for preparation of a written motion.**Apr 4, 2012

  FOR WHICH THE JUDGE DID NOT HAVE THE JURISDICTION TO DO SO AS SHE HAD REMOVED HERSELF FROM THE CASE IN HER ACCEPTENCE OF THE DEFENDNANCE ORALY REQUEST TO DIDQUALFY HERSELF WHERE AS ALL ORDERS OF THE JUDGE WERE VOIDABLE AT THAT TIME. I

- THE JUDGE WAS IN ERROR SETTING A FINAL HEARIG DATE ..

PURPOSE HAT JUDICAL NOTICE TO ADMINISTOR CHIEF JUDGE THE HONORABLE GLEEN KELLY PURSUANT O T HE ACTS AND CHARACTER OF ABUSE OF POWER JUDICAL MISCONDUCT OF THE JUDGES FOR WHICH THEY OPERATE UNDER THE PROTECTION OF THE 11TH AMENDMENT WHERE AS THE STATE ACTORS AND JUDGES CAUSE AND INFLICT SUCH IRREPERABLE HARN AND EVEN TO FATALITIES WITH NOT BEING HELD ACCOUNTABLE AS SUCH AS THE NATURE OF SUCH ABUSE OF POWER OF THIS JUDGE KNOWING THE DETRIMENTAL OUT COME OF HER ERRONEOUS MANIPULATIVE AND AREADY PLANNED DECSISON IN CONPIRACY AND IN OPPOSITIONS OF THE CANNONS OF JUICAL CONDUCT OF JUDGES

:ABUSE OF POWER, IMMPATIALITY DISCRETION. OF THE JUDGE SHERIFF ACTING UNDER COLOR OF STATE LAW WHERE AS THIS JUDGE AFTER REFUSING TO DISQUALIFY HERSELF 8 TIMES THE JUDICIAL MISCONDUCT OF THIS JUDGE AND HER ACTIONS BECAME MORE APPARENT AS SHE REFUSES TO DISQUALIFY HER WHEN SHE SHOULD HAVE.
AS SUCH:

1. **DEFENDANDANT FILED COMPLAINT TO CITY OF REIVERA BEACH CODE ENFOCEMENT AGAINST THE PLAINTIFF.**
2. **PLAINTIFF FILED A NOTICE OF EVICTION AGAINST THE DEFENDANT.**
3. **DEFENDANT FILE A COUNTER CLAIM AGAINST THE PLAINTIFF IN THE EXCESS OF 10,00 DOLLARS FOR RELIEF OF BEACH OF CONTRACT ,PREMISE LIAILITY AND NEGLIGENCE**
4. **A HEARING WAS HELD IN JUDGE GARRISON COURTROOM**

5. DEFENDANT WAS ORDERED TO PLACE OWED RENT IN TO REGISTRY. THE ORDER WAS NOT CONTINUOUS.
6. DEFENDANT PLACE OWED RENT MONEY IN TO RESISTRY
7. DEFENDANT FILED A MOTION TO RECUSE JUDGE GARRIRONS WHERAS THE JUDGE WAS AND DEMONSTRADED BIAS PREJUDICE DENIED HIM DUE PROCESS TO BE HEARED IN HIS COUNER CLAIM.
8. JUDGE GARRISON RECUSSED HIMSELF
9. DEFENDANT FILED MOTION FOR HEARING DATE TO BE HEARD ON HIS COUNTER CLAIM AGAINST THE PLAINTIFF DATED MARCH 8TH 2024
10. DEFENDANT FILED A MOTION FOR JUDGEMENT OF MONEY PLACED IN THE REGISTRY AS THE PLAINTIFF WAS STILL IN NONCOMPLAIANCE AND FAILED TO MAKE ANY REPAIS TO HER N BUILDING. OR BE IN COMPLANCE WITH CODE VIOLATION OF CITY OF RIIERA BEACH SEE EXHIBIT B OF THE DEFENDANT
11. 3 MONTHS LATER DEFENDATE RECEIVED A NOTICE OF HEARING FROM THE JUDGE HERSELF SETTING A HEARING DATE FOR AUGUST 25TH 2024 A MOTION FILED BY THE PLAINTIFF (S) ATTORNEY OF WHCH THE DEFEDANT WAS NOT PROVIDE PROCESS SERVICE NOR WAS THE DEFENDNAT AWARE OF THE PLAINTIFF HASD OBTAINED AN ATTORNRY

12. DEFENDANT FILED A MOTION FOR CLARIFICATION DUE TO THE FACT THAT DEFENDANT ALSO HAD THE CLERK TO FILE OR RESEND HIS MOTION FOR JUDGEMENT. THAT HE FILED ON MARCH MAY 8TH 2024

13. JULY 25TH HEARING DEFENDANANT DISCOVERED THAT A THIRD PARTY WSA PRESENT AND THAT THE THIRD PARTY WAS AN ATTORNRY OBTAIN BY PLAINTIFF.

14. DEFENDANT OBJECTED TO THE PROCEDDINGS OF MEDIATION AS THE DEFENDANT MAKE ISSUE THAT HE WAS NOT AWARE THAT THE PLAINTIFF OBTAINED AN ATTORNEY

15. DEFENDANT VEHENETLY MAINTAINED THAT THE ATTORNRY DID NOT FILE A NOTICE OF APPEAENCE NOTIFYING HIM THAT THE PLAINTIFF HAD OBTAINED AN ATTORNRY NOR DID TH ATTORNRY OR THE PLAINTIFF PROCESS SERVED THE DEFENDANT OF THEIR MOTION.

16. DEFENDANT FILED TO THE COURT DATES REFLETING AUGUGUST 26TH CITY OF RIVERIA BEACH BUILDING CODE INPECTOR DEMMIG THE BUILDING A PUBLIC NUISENCE , A HAZZERDOUS AND DANGEROUS FOR THE PURPOSE IT IS BEING USED FOR, DEFENDANT FILED THE FAILED INPECTION OF THE BUILDING B SECTION 8 HOUSING REFLECTING DATE OF AUGUST 30TH DEFENDANT BFILED A CAME NOTIFICATION OF MON

COMPLAIANCE OF THE PLAINTIFF WITH THE CITY OF RIVERIA BEACH CODE INFORCEMENT.

17. DEFENDNAT OFJECTED TO THE FACT TO THE JUDGE THAT SHE VIOLATED HIS RIGHT OF DUE PROCESS AS SHE IGNIRED HIS MOTION HE FIELD 3 MONTH PRIOR TO THE JUDGE MAKING CONCESSION FOR TH E PLAINTIFF (S) FILING THE HEARINF TO DETERMINE RENT WHEN THE JUDGE DENIED THE DEFENDANT HIS RIGHT TO HEARED ON HIS COUNTER CLAIM

18. JUDGE IGNORED THE DEFENDNAT

19. THE PLAINTIFF TESTFIED THAT THE LEASE AGAREEMENT IS UP ON SEPTEMBER 30TH 2024

20. DEFEDENDANT FILED SEVERAL MOTION FOR JUDGE TO DISQUALIFY HER SELF THE JUDGE REFUSED TO DO SO.

21. THE COURTS DETERMINE THAT THE DEFENDANT OWED TH MONT OF AUGUST AND THE MONTH OF SEPTEMBER FOR RENT D PLUS A DIFFERENCE OF 81.OO DOLARS TOTSL ALLED AMOUNT 784.OOO DEFENDANT SECURITY DEPOSIT PLAINTIFF HAS 3,OOO DOLLARS OF DEFENDANT SECURITY DEPOSIT WHERE IT HAS BEEN DETERMINE THAT 784.OO IS THE REMANDING AMOUNT OF MONEY DUE,

22. THIS IS APART FROM DEFENDANT COUNTER CALIM WHERE AS DEFENDANT STATES AND IT IS A TRUE FATCHAD THE JUDGE NOT DENED THE DEFENDANT TO BE HEARED ON HIS COUNTER

CLAIM THEY WOULD NOT BE IN COURT DICUSSING THIS AS THE PLAINTIFF WAS STILL IN NON COMPLIANCE AND HAS NOT MAKE ANY REPAIRS FOR 4 MONTHS. PLAINTIFF CLAIM DID NOT ALLEGED THAT THEY WANTED POSSESION OF THE PROERTY TO MAKE REPAIR S OR FIX IT UP THE PLAINTIIFF ONLY RESOLVE IS ALLEDE MONEY OWED TO HER . WITH THE HELP OF THIS JUDGE ABUSE OF AUTHORUITU, AND DESCRTION TO SUCH CAUSE SUCH THAT IRREPERABLE HARM TO SUCH THAT IS IMMINANT .

WHEREFORE THE DEFENDANT SUBMITS THIS EMERGENCY WRIT OD CERTIORI AMD EMERGENCY EXTRAORDINARY WRIT OF MANDAMEUS TOORDERING THE LOWER COURT TO RELEASE THE SECURITY DEPOSIT AND ALLOF THE MONEY IN THE COURT REGISTRY DUE TO THE PLAINTIFF NEGLGENCE OF FAILING TO OBTAIN HER [ROPERT . IN ADDITIONOF THIS PROCEDDING PROCEDDDINGS. DEFENDANT S SEEK RELIEF OF ALL DAMAGES PURSUANT TO HIS COUNTER CLAIM AGAINST THE PLAINTIFF. DEFENDANT SEEKS JUDICAL REPREIMANDS OF SUSPENSION OR LOSS OF LICENSE AGAINST THIS JUDGE FOR HER JUDICAL MISCONDUCT. REMOVAL OF THE DEFENDANT (S) NAME OF UNLAWFUL EVICTION FROM ALL DOCUMENTAION IN THE STATE COURT.

RESPECTFULLYB SUBMITTED THIS 31ST DAY OF DECEMBER 2024

I DO HERBY CERTIFY THAT A TRUE COPY OF THE FORGOING WAS

SUBMITTE TO   SHYALLA ASHQAL  AT SHALLA HOTMAIL .COM

541 - 273 3873

E MaiL    rfergusonteach123@mailfence.com